UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NAKIA TAYLOR,

                                 Plaintiff,

           -against-

THE CITY OF NEW YORK, LIEUTENANT CHRISTOPHER SIANI

                               Defendants.

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

18-cv-08421-AKH

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a July 6, 2017 incident, in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to assault and excessive force.

3. Plaintiff seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Southern District of New York.

## NOTICE OF CLAIM

6. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## PARTIES

7. Plaintiff Nakia Taylor is a resident of New York County in the State of New York.

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. Lieutenant Christopher Siani was at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of agent, servant and employee of the City of New York. On information and belief, defendant Siani was personally involved in the assault of plaintiff. Defendant Siani is sued in his individual capacity.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On July 6, 2017 plaintiff Nakia Taylor was in the vicinity of 118th Street and St. Nicholas

Avenue in New York New York.

12. At that location Plaintiff was placed under arrest by defendant Siani.

13. During the course of plaintiff's arrest, defendant Siani used excessive and unnecessary force against plaintiff.

14. Plaintiff did not physically resist defendant Siani.

15. Plaintiff did not strike or attempt to strike defendant Siani, nor any other person.

16. Plaintiff did not pose any threat of physical harm to defendant Siani nor any other person.

17. In fact, Plaintiff was handcuffed prior to Siani's use of force.

18. Nevertheless, defendant Siani punched plaintiff in the face with a closed fist.

19. Defendant Siani then used force to cause Plaintiff to fall to the ground.

20. Plaintiff suffered severe injuries as a result of the force used by Siani, including a fractured jaw, tooth loss, two slipped disks in his neck, substantial bodily pain, emotional trauma, debasement and fright.

## DAMAGES

21. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    c. Economic loss including lost wages and medical bills;

    d. physical pain and suffering.

**FIRST CAUSE OF ACTION**
(42 U.S.C. § 1983 – as to Defendant Siani)

22. The above paragraphs are here incorporated by reference.

23. Defendant Siani has deprived plaintiff of his civil, constitutional and statutory rights under color of law and is liable to plaintiff under 42 USC § 1983.

24. Defendant's conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

25. Defendant used excessive force against plaintiff.

26. Plaintiff was damaged as a result of defendant's wrongful acts.

**SECOND CAUSE OF ACTION**
(Assault – as to Defendant Siani)

27. The above paragraphs are here incorporated by reference.

28. Defendant Siani made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

29. Defendant has deprived plaintiff of his civil, constitutional and statutory rights and is liable to plaintiff under common law, and the laws and Constitution of New York State.

30. Plaintiff was damaged by defendant's assault.

**THIRD CAUSE OF ACTION**
(Battery – as to Individual Defendants)

31. The above paragraphs are here incorporated by reference.

32. Defendant Siani engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

4

33. Defendant deprived plaintiff of his civil, constitutional and statutory rights and is liable to plaintiff under common law, and the New York State Constitution.

34. Plaintiff was damaged by defendant's battery.

## FOURTH CAUSE OF ACTION
(Liability of the City of New York)

35. The above paragraphs are here incorporated by reference.

36. Defendant Siani's intentional tortious acts were undertaken within the scope of his employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

37. As a result of defendant's tortious conduct in the course of his employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

38. The City of New York is responsible for the tortious conduct of its employees in this matter by reason of *respondeat superior*.

WHEREFORE, plaintiff demand judgments against the defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

    B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

| | | |
|---|---|---|
| DATED: | July 8, 2019<br>New York, New York | Respectfully yours, |
| | | *[signature]*<br>By: Nicholas Mindicino, Esq.<br>Liakas Law, P.C. |
| TO: | City of New York | 65 Broadway, 13th Floor<br>New York NY 10006 |
| | Lt. Christopher Siani | 212-937-7765 |