CASSANDRA ROHME, ESQ.
Associate
crohme@liakaslaw.com
P: (212) 937-7765
F: (877) 380-9432



Liakaslaw.com
40 Wall Street
50th Floor
New York, NY 10005

New Jersey Office
576 Main Street
Suite C
Chatham, NJ 07928

December 15, 2022

**BY ECF:**
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Nakia Taylor v. The City of New York, et al.,</u>
     18-CV-8421 (AKH)

Your Honor,

  I am the attorney assigned to the trial of this action on behalf of Plaintiff, Nakia Taylor. I write in opposition to the Defendants letter motion filed late last night, asking the Court to reverse its prior ruling regarding cross-examination of Dr. Houten and further asking the Court to help Defendant introduce inadmissible evidence that they forgot to bring to court when they cross-examined Plaintiff.

  As to the latter issue, defense counsel previously cross-examined the Plaintiff about this alleged video that they never disclosed in discovery. As the Court likely noticed, Defense counsel showed the Plaintiff a printout of the webpage allegedly containing the video. The video itself was not shown to the Plaintiff although it has clearly been in Defendant's possession for some time.
  It must be noted that Defendants failed to exchange the video during discovery, or at any point. Defendants even included "Plaintiff's Social Media" on their initial exhibit list which they withdrew when the Court learned that they had not exchanged any documents they intended to introduce. *See* Exhibit A, Tr.19-20. Defendants clearly had this video and Plaintiff's social media posts for longer than they are admitting. They clearly intended to use it as direct evidence – as they now ask the Court to admit it as such – but misled the Court when they tried to back-door this video as purported impeachment material during Plaintiff's cross-examination. *See* Exhibit B, Tr.633-635.

  Defendant's argument about Plaintiff allegedly hiding his social media accounts from them is without merit. Account names and/or handles change frequently. Moreover, as the page is public Defendant clearly could have found this and did find it before they cross-examined Plaintiff. They merely forgot to bring a copy of the video to court despite having the entire weekend to plan their cross-examination of Plaintiff, or were attempting to mislead the Court as to the fact that they intended to use this not for impeachment – but as direct evidence that they never exchanged.

Defendant cites no caselaw for their demand that Plaintiff be recalled so they can get to cross-examine him on the same subject again. To allow a second cross-examination of the same subject matter would be prejudicial to Plaintiff as it would give the false appearance that the video is of the utmost importance or that Plaintiff lied in some manner during his first cross-examination and as such had to be recalled to the stand. Moreover, it would be a waste of time as the Court's ruling on this issue was proper in the first instance. Fed. R. Evid. 403, 608(b).

Plaintiff further notes that Defendants have a long history of shirking their disclosure responsibilities in this case. Plaintiff's sanctions motion is still pending on that issue.

As to Defendant's argument about Dr. Houten's cross-examination, that argument is also without merit. There is no draft report to review because it was apparently destroyed by Dr. Houten writing over it in the word document. Here, Plaintiff is entitled to know how much time Dr. Houten spent working on his report and how much he will be getting paid. Dr. Houten's testimony was evasive at best when he testified that he did not know what he was paid for his time and claimed not to know how long he worked on his expert report.

Plaintiff should be able to inquire regarding whether anyone has spoken with the witness since he was last on the stand and what, if anything, he has reviewed since his last testimony.

Plaintiff further notes that the late timing of Defendants repeated motions to reargue the Court's rulings smacks of gamesmanship. If there is any legitimate issue to be raised, Defense counsel should raise it during the proceedings. Incessantly filing motions to reargue which are served at the latest possible hour before the parties are due in Court takes valuable time away from trial preparation.

Respectfully Submitted,

_____
Cassandra Rohme, Esq.

cc: All Counsel (*by ECF*)