UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
NAKIA TAYLOR,                                         :
                                                      :
                Plaintiff,                    :   **AMENDED ORDER DENYING**
                                                      :   **DEFENDANTS' POST TRIAL**
      v.                                              :   **MOTIONS, GRANTING**
                                                      :   **PLAINTIFF'S FEES AND**
THE CITY OF NEW YORK, *et al.*,                       :   **COSTS MOTION, AND**
                                                      :   **DENYING PLAINTIFF'S**
                Defendants                    :   **SANCTIONS MOTION**
                                                      :
                                                          18 Civ. 8421 (AKH)

------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Nakia Taylor sued New York Police Lieutenant Christopher Siani and the City of New York under 42 U.S.C. § 1983 for violating his constitutional right against excessive force upon arrest, after Defendant Siani punched Plaintiff in the face while he was handcuffed following a cab fare dispute. Plaintiff endured injuries such as lost teeth, a broken jaw, and neck and spine issues. After a two-week trial in December 2022, Plaintiff won a verdict against defendants and an award of $100,000 in compensatory damages and $250,000 in punitive damages. Judgment against the City was entered on January 17, 2023. *See* ECF No. 139. I assume familiarity with the case background and trial transcript.

        Defendants move for judgment as a matter of law under Fed. R. Civ. P. 50(b), for a new trial under Fed. R. Civ. P. 59(a), or remittitur. Plaintiff moves for an order granting attorneys' fees, sanctions, and costs. For the reasons that follow, Defendants' motions are denied, and Plaintiff's motion is granted, with the fee calculation modified below.

1

## I. Defendants' Motion for Judgment as a Matter of Law or New Trial or Remittitur

### A. Sufficiency of the Evidence

Defendants argue they are entitled to judgment as a matter of law because the trial evidence was insufficient to show that one punch to the jaw could, and did, cause the injuries Plaintiff endured.

A court may grant judgment as a matter of law against a party if it finds "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(b). The motion should be granted only if "viewed in the light most favorable to the nonmoving party, 'the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of evidence, there can be but one conclusion as to the verdict that reasonable men could have reached.'" *Samuels v. Air Transport Local 504*, 992 F.2d 12, 14 (2d Cir. 1993) (citation omitted).

Defendants fail to demonstrate that no reasonable juror could have found a causal link between Plaintiff's injuries and defendant's use of excessive force. Plaintiff's testimony, Dr. Chaudhary's testimony, and multiple medical and imaging records tend to support Plaintiff's injury claims and are legally sufficient to support the jury's verdict. Evidence to the contrary– that Plaintiff complained about neck pain once before the incident with Defendant Siani, and an expert witness opining that his injury predated the incident with Defendant Siani – fail to negate the overall mix of evidence. The issue was properly given to, and found by, the jury.

### B. Evidentiary rulings

Defendant seeks a new trial based on challenges to my rulings 1) precluding Defendant Siani's deposition testimony in which he stated he called a police unit to the scene after restraining and arresting plaintiff, 2) forbidding Defendants from introducing into evidence video footage of Plaintiff dancing and doing the splits, and 3) forbidding social media posts indicating that Plaintiff went back to work at some point after he was injured.

2

In general, "an erroneous evidentiary ruling warrants a new trial only when a substantial right of a party is affected, as when a jury's judgment would be swayed in a material fashion by the error." *Restivo v. Hessemann*, 846 F.3d 547, 573 (2d Cir. 2017) (internal quotation marks omitted). A new trial is an extraordinary remedy that "ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Hugo Boss Fashions, Inc. v. Federal Ins. Co.*, 252 F.3d 608, 623 (2d Cir. 2001) (internal quotation marks omitted). I have reviewed the transcripts and stand by my rulings in each instance.

Defendants challenge my ruling precluding Defendant Siani's deposition testimony, in which he stated that he called a police unit to the scene after Plaintiff was arrested and restrained. They argue the testimony was admissible under Fed. R. Evid. 801(d)(1)(B) as a prior consistent statement. However, Defendants were not able to cite a prior inconsistency or show the statement's relevance. The proffer was properly excluded. Fed. R. Evid. 403.

Defendants sought to introduce the video footage of Plaintiff dancing and doing the splits as extrinsic evidence on cross examination to challenge the extent of Plaintiff's injuries, and on rebuttal, to impeach his credibility. However, the videos were probative only of lumbar injuries, not facial and neck injuries, and lumbar injuries were not the focus of Plaintiff's claim for damages. Further, Plaintiff had testified that after neck surgery, his mobility improved to the point that he could dance and do the splits. Video footage would have been repetitious and misleading. *See* Fed. R. Evid. 403.

Finally, Defendants' proffer of social media footage depicting Plaintiff going to work between October and November 2018 was properly excluded. Plaintiff did not seek a lost earnings claim. The videos, which sought to undermine Plaintiff's statements regarding his inability to work, had only minimal impeachment value, if any. Defendants were allowed to cross-examine Plaintiff regarding his posts on social media. Extrinsic evidence of the posts

would have added little, as Plaintiff acknowledged that he posted the content and confirmed the details regarding the posts to the jury.

### C. Defendants' Request for Remittitur

Defendants request remittitur, but do not state why they consider the damages amounts to be grossly excessive. The verdict, as to both compensatory and punitive damages, was well "within reasonable range." *Ismail v. Cohen*, 899 F.2d 183, 186 (2d Cir. 1990).

The jury made a careful determination of compensatory damages. The pictures of Plaintiff taken in the station house show a significant amount of swelling, consistent with a broken jaw and loosened teeth, as Plaintiff's lips were puffed out and blood was visible. Although Dr. Houton testified Plaintiff had a pre-existing condition regarding his spine, the jury could credit Dr. Chaudhary's testimony that, even if Plaintiff had pain before, the punch "caused him to have an exacerbation of symptoms" based on his experience with Plaintiff. Dec, 6, 2022 Tr. at 82:16–18. Taken together, $100,000 is a reasonable award for such injuries. *See Dancy v. McGinley*, 11cv7952 (LMS), 2015 WL 13214324, at *7–8 (S.D.N.Y. May 11, 2015) (surveying compensatory damages in §1983 excessive force cases, including over $100,000 for non-permanent injuries)

The jury found that Defendant Siani's punch was wanton and reckless, and that such conduct should be punished and deterred. Punitive damages in the amount of $250,000 is a reasonable reflection of this finding. *Magalios v. Peralta*, 19cv6188 (CS), 2022 WL 407403, at *6 (S.D.N.Y. Feb. 10, 2022) (surveying punitive damages in §1983 excessive force cases and noting the statutory maximum of $250,000 for criminal civil rights violation).

## II. Plaintiff's Motions for Fees and Sanctions

### A. Plaintiff's Motion for Fees

Plaintiff, as the prevailing party on all issues in this civil rights litigation, is entitled to recover reasonable fees. *Anderson v. City of New York*, 132 F. Supp. 2d 239, 241

(S.D.N.Y. 2001). The Second Circuit follows the lodestar amount, which multiplies the number of hours reasonably expended on a case and the reasonable hourly rate. *Id.* at 243.

Plaintiff's counsel's rates of $225 to $425 per hour and the amount of time charged are reasonable. The billing is itemized with sufficient particularity. *See* ECF No. 143 and Ex. 1; *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (block billing is reasonable because "trial is a time consuming process" and hours were not overall excessive).

Defendants object to 64.55 hours billed by Plaintiff's attorneys for clerical work that could have been completed by a paralegal, at a lower hourly rate. There is some basis for this objection. In my discretion, "an across-the-board reduction ... to account for time spent on clerical tasks" in the form of a ten percent reduction is appropriate. *Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019). Plaintiff's motion for attorneys' fees is granted in the modified amount of $106,632.57.

## B. Plaintiff's Motion for Sanctions

Plaintiff seeks sanctions against Defendants for 1) their failure to disclose Defendant Siani's disciplinary history and prior lawsuits against him, 2) their failure to disclose that they spoliated audio evidence of the relevant incident, and 3) their production of an errant ICAD. Plaintiff's motion for sanctions is denied. The issues raised in the supporting papers were raised and taken into consideration when I made rulings before and throughout trial. *See, e.g.*, Dec. 6, 2022 Tr. at 2–27. Plaintiff fails to demonstrate that Defendants' conduct was willful or that it suffered prejudice from Defendants' conduct. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

### III. Taxation of Costs

Prevailing party costs are to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and Local Civ. R. 54.1. Costs are approved in the amount of $10,026.48, and not the greater amount shown by Plaintiff. *Compare* ECF No. 140 *and* ECF No. 179. The

difference reflects the amount Plaintiff paid to Dr. Chaudhary, but he testified as a fact witness, not as an expert witness. *See S.R. Galves Participacao, Importacao & Exportacao Ltda. v. Natural Source Int'l, Ltd.*, 06cv10182 (LLS), 2007 WL 1484465, at *3 (S.D.N.Y. May 21, 2007).

## CONCLUSION

Defendants' motion is denied. Plaintiff's motion for attorneys' fees is granted in the modified amount of $ $106,632.57. Plaintiff's motion for sanctions is denied. The stay on the taxation of costs at ECF No. 179 is lifted, and the Clerk is instructed to tax costs against Defendants in the amount of $10,026.48. The Clerk is instructed to terminate all open motions.

SO ORDERED.

Dated:  February 23, 2024
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge